IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION



| | | |
|---|---|---|
| ROSA E. ROMERO,<br>Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of the Social Security<br>Administration[1],<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. EP-18-CV-00083-RFC |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

On October 15, 2014, Plaintiff filed an application for DIB, alleging a disability onset date of September 28, 2014. (R:172) Her application was denied initially and upon reconsideration.

---

[1] On March 6, 2018, the Government Accountability Office determined that Nancy Berryhill's continued service as Acting Commissioner of Social Security violated the Federal Vacancies Reform Act of 1998. GOVERNMENT ACCOUNTABILITY OFFICE, *Violation of the Time Limit Imposed by the Federal Vacancies Reform Act of 1998 - Commissioner, Social Security Administration* (2018), https://www.gao.gov/assets/700/690502.pdf. Accordingly, this position is now vacant.

(R:10) Plaintiff filed a request for a hearing, which was conducted on November 10, 2016. (R:26-47) The Administrative Law Judge ("ALJ") issued a decision on February 22, 2017, denying benefits. (R:10-20) The Appeals Council denied review. (R:1-5)

## ISSUES

Plaintiff presents the following issues for review:

1. Whether the ALJ failed to give the medical opinion evidence the proper weight when determining Plaintiff's residual functional capacity ("RFC"); and
2. Whether the ALJ improperly picked and chose evidence in arriving at his decision.

(Doc.17:2, 7-8)

Plaintiff contends that the ALJ's RFC determination is tainted by legal error and is not supported by substantial evidence, because proper consideration of the medical opinion evidence would have resulted in a finding of disability. Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. Defendant responds that the ALJ used the proper legal standards, and that substantial evidence supports the ALJ's findings and conclusions.

## DISCUSSION

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* A finding of no

substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.*; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## *II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment(s); 3) whether the claimant's impairment(s) meet(s) or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment(s) prevents the claimant from performing past relevant work; and 5) whether the impairment(s) prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once met, the burden will then shift to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). If the Commissioner meets this burden, the burden then shifts back to the claimant to show that she cannot perform this alternative work. (*Id.*)

In the present case, the ALJ found that Plaintiff had severe impairments of: lumbar disc disease status-post fusion and history of polio status-post surgery with fused left ankle. (R:12) The

ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled the listed impairments. (R:14) After considering the entire record, he determined that Plaintiff retained the RFC to perform sedentary work, except that she can never climb ropes, ladders, or scaffolds; she can occasionally balance, stoop, kneel, crouch and crawl; and she can occasionally push, pull, and pedal with the left lower extremity. (R:14) The ALJ determined that Plaintiff was unable to perform her past relevant work as a supervisor in government service, a light exertion job. (R:18) At step five, the ALJ determined that considering Plaintiff's age, education, work experience and RFC, she had acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy. (R:19) Consequently, he found that Plaintiff was not disabled from September 28, 2014, through the date of the ALJ's decision. (R:20)

### *III. The ALJ Properly Evaluated the Medical Source Opinions When Determining Plaintiff's RFC.*

Plaintiff contends that substantial evidence does not support the ALJ's determination that she retains the capacity to perform a reduced range of sedentary work, because the ALJ failed to give the medical opinion evidence the proper weight when determining Plaintiff's RFC. (Doc.17:2) Specifically, Plaintiff contends that the ALJ failed to give proper weight to Plaintiff's examining and treating sources, Dr. Garcia, Dr. Heydemann, and Dr. Palafox. (Doc.17:3-8)[2] A review of the record makes clear that both Dr. Heydemann and Dr. Palafox are treating physicians. They provided

---

[2] Plaintiff argues in her brief that the ALJ erred in dismissing the diagnosis of Dr. Othman, a treating physician. (Doc.17:7) Plaintiff fails to cite to the record and fails to provide any justification for this argument. The Commissioner does not respond to this argument. The Court has reviewed the record in its entirety, and fails to find a diagnosis by any Dr. Othman. The Court finds that this particular issue regarding Dr. Othman has not been preserved, and will not consider it in this appeal.

Plaintiff with medical treatment over a period of years. (R:37-38) Dr. Garcia, the consultative examiner, on the other hand, is not a treating physician. (R:376-82). The record shows that he examined Plaintiff on one occasion for disability evaluation. (*Id.*) Plaintiff further contends that by picking and choosing only the evidence of record that best supported his decision, the ALJ committed legal error. (Do.17:7) She argues that these errors resulted in an inaccurate RFC finding. She concludes that if the ALJ had properly considered the examining and treating source testimony, Plaintiff would be restricted to less than sedentary work, and she would have been found to be disabled. (Doc.17: 3, 8) Plaintiff argues that because she was prejudiced by these errors, remand is required. (Doc.17:8)

Residual functional capacity is the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Plaintiff contends that because there is no examining or treating opinion of record that contradicts the opinions of Dr. Garcia, Dr. Heydemann, and Dr. Palafox, the ALJ erred by failing to discuss in detail the six factors required by 20 C.F.R. §404.1527(c)(2)-(6). (Doc.17:4-5) A review of the record shows that such is not the case, inasmuch as the opinion of Dr. Dean E. Smith, a physician who not only qualifies as a treating physician, but also performed surgery on Plaintiff, i.e.,

a combined anterior and posterior lumbar spinal decompression and fusion, directly contradicts the opinions of all three physicians. (R:318, 371, 522, 524, 526) For the following reasons, the Court finds that Plaintiff's contention lacks merit.

A treating physician's opinion regarding the nature and severity of a patient's condition should be accorded great weight in determining disability and will normally be given controlling weight *if* it is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) not inconsistent with other substantial evidence. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). The ALJ may, however, give less weight, little weight, or no weight, to the medical opinion of a treating physician when good cause is shown. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). Good cause may be established when a treating physician's statements are brief and conclusory, unsupported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Id.* An ALJ should provide "good reasons" for the weight given to a treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

The Fifth Circuit concluded that, "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1524(c)(2)-(6). *Newton,* 209 F.3d at 453. Specifically, the regulation requires consideration of:

      1. Length of the treatment and the frequency of examination;
      2. Nature and extend of the treatment relationship;
      3. Supportability;
      4. Consistency;
      5. Specialization; and
      6. Other Factors.

20 C.F.R. § 404.1527(c)(2-(6).³ Where such evidence *does* exist in the record, however, consideration of the six factors is not necessary. *See Bullock v. Astrue,* 277 F. App'x. 325, 329 (5th Cir. 2007) (per curiam) (not published) (consideration of six factors only necessary absent controverting reliable medical evidence from treating or examining physician).

The record supports Plaintiff's contention that the examining and two treating sources, Drs. Garcia, Heydemann, and Palafox, restricted Plaintiff to less than sedentary work. (Doc.17:3) Dr. Garcia opined that Plaintiff had moderate limitations with sitting, moderate to severe limitations with standing, severe limitations with walking; she walked with a limping gait, and had severe limitations with lifting and carrying weight, *inter alia.* (R:381-82) The ALJ gave little weight to the opinions of Dr. Garcia because they were generally inconsistent with the evidence of record. (R:17)

Dr. Heydemann opined that Plaintiff was limited to lifting and carrying ten pounds, needed to use a hand-held assistive device for ambulating, must periodically alternate sitting and standing to relieve pain or discomfort, was limited in pushing and/or pulling, could only occasionally kneel, and could never perform any other postural activities. (R:385-88) Dr. Heydemann also opined that Plaintiff had mid thoracic back pain, but otherwise looked like she was doing well. (R:393) He noted that Plaintiff's magnetic resonance imaging scan of her thoracic spine was normal, and opined that Plaintiff's pain was muscular as opposed to an intraspinal anomaly. (*Id.*) The ALJ gave partial weight to the opinions of Dr. Heydemann because the lifting limitations were consistent with the evidence of record but the record did not support preclusion of all postural activities. (R:17-18)

Dr. Palafox opined that Plaintiff was limited to lifting and/or carrying ten pounds, needed a

---

³Plaintiff's claim was filed prior to March 27, 2017, therefore the former rules for evaluating medical source opinions apply. *See* 20 C.F.R. § 404.1527.

hand-held assistive device for ambulation, needed to alternate sitting and standing to relieve pain or discomfort, was limited in pushing and/or pulling, could never perform any postural activities, and could occasionally reach in all directions, *inter alia.* (R:389-92) The ALJ gave partial weight to the opinions of Dr. Palafox because the lifting limitations were consistent with the evidence of record but the record did not support preclusion of all postural activities and limited reaching in all directions. (R:18)

A review of the record shows that Dr. Dean E. Smith examined Plaintiff from November 6, 2014, to November 15, 2015, and performed surgery on her on March 13, 2015. (R: 318, 371, 526, 530). He examined Plaintiff on March 30, 2015, and found that she was doing very well and was very pleased following her surgery. (R:522) His examination showed intact gross motor function in both legs, negative bilateral straight leg raises, and a normal gait. (R:524) On May 28, 2015, Dr. Smith examined Plaintiff again and made the same findings. (R:528) Dr. Smith discussed physical therapy with Plaintiff, but she declined it because she did not think she needed it because she was very active. (R:529) Six months later, on November 30, 2015, Dr. Smith examined Plaintiff again and issued the same findings. (R:532-33). Again, Plaintiff declined therapy due to her abundant activities. (*Id.*) Failure to seek or follow prescribed treatment where no good reasons exist is an indication of non-disability. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990)

Finally, in a September 22, 2014 examination, Dr. Edward R. Assi, a cardiologist, found that Plaintiff had no gross motor or sensory deficits. (R:311) He felt that Plaintiff was doing well at that time. (R:310) Although the Court does not attribute much weight to this evidence, it finds that it does bolster the opinions issued by Dr. Smith.

Thus, the administrative record contains reliable medical evidence from Dr. Smith controverting Plaintiff's other treating and examining physicians. Hence, the ALJ was not required to perform a detailed analysis of the treating physicians' views under the criteria set forth in 20 C.F.R. § 404.1527 (c)(2)-(6). It is sufficient that the ALJ provided "good reasons" for the weight given to the opinions of Dr. Palafox and Dr. Heydemann and Dr. Garcia. The ALJ, therefore, did not err, and Plaintiff is not entitled to relief based on the ALJ's failure to address the factors set forth in section 404.1527(c)(2)-(6).

The ALJ may give less weight, little weight, or no weight to the medical opinion of a treating physician when good cause is shown. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). The ALJ is free to reject the opinion of any physician, including the opinion of a treating physician, where the evidence supports a contrary conclusion. *Brown v. Apfel*, 192 F.3d 492, 500 (5th Cir. 1999);*Spellman v. Shalala*, 1 F.3d 364, 365 (5th Cir. 1993)(opinion of treating physician not given controlling weight when it is inconsistent with other substantial evidence in the record). That is precisely what the ALJ did in arriving at his decision in this case. The reasons provided are in line with the factors the ALJ is charged with considering. The Court finds that the ALJ did not commit error.

Plaintiff further argues that the ALJ erred by "picking and choosing" the evidence from the record to support his decision and failed to consider the entire record. (Doc.17:7) Citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003), she argues that the ALJ performed his own interpretation of the medical evidence and succumbed to the temptation to play doctor, a practice which is frowned upon by law. (*Id*).

This argument also lacks merit. A review of the record shows that the ALJ carefully

9

scrutinized all medical opinion evidence before him before arriving at his conclusion. This scrutiny extended to all treating physicians, the consultative examiner, and the state physicians. (R:15-18). For example, the ALJ rejected in part the opinion of the state agency physician who limited Plaintiff to light work because later proof supported a limited range of sedentary work. (R:18) In so doing, the ALJ properly interpreted the medical evidence to determine Plaintiff's capacity for work. *Taylor v. Astrue,* 706 F.3d 600, 602-03 (5th Cir. 2012). He was merely engaging in his responsibility to determine Plaintiff's RFC rather than embarking on a course of action prohibited by the Fifth Circuit. The Court finds no error in this regard.

The Court is mindful of Plaintiff's emphasis of record evidence which weighs in favor of disability. Unfortunately for Plaintiff, the question here is not whether there is some or even substantial evidence supporting Plaintiff's disability claim, but whether there is substantial evidence, which may be less than a preponderance of the evidence, to support the Commissioner's determination. *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000). In reviewing Plaintiff's no-substantial-evidence claim, the Court has considered the record as a whole and has taken "into account whatever in the record fairly detracts from its weight." *See Singletary v. Bowen,* 598 F.2d 818, 823 (5th Cir. 1986). It is within the ALJ's discretion to resolve conflicting evidence, including conflicting medical evidence. *See Jones v. Heckler,* 702 F.3d 616, 621 (5th Cir. 1983). To whatever degree the evidence highlighted by Plaintiff might detract from the weight of the rest of the evidence in the record, it falls far short of that required to establish a no-substantial-evidence claim. Plaintiff's evidence fails to preponderate against the ALJ's determination, much less establish a "conspicuous absence of credible choices" or "contrary medical evidence." *See Abshire v. Bowen,* 848 F.2d 638, 640 (5th Cir. 1988).

Review of the objective medical evidence supports the ALJ's findings and RFC determination. Plaintiff's subjective complaints are insufficient to support her claims of disability. Consequently, the Court finds that substantial evidence supports the ALJ's RFC determination and that no reversible error exists.

## **CONCLUSION**

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** on October 10, 2018.

*[signature]*

ROBERT F. CASTANEDA
United States Magistrate Judge